```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO


ANTILLES CEMENT CORPORATION,         *
                                     *
      Plaintiff,                     *
                                     *
vs.                                  *       CIVIL NO. 02-1643 (JP)
                                     *
HON. ANIBAL ACEVEDO VILA, et al.,    *
                                     *
      Defendants                     *
                                     *
```

## ORDER

The Court has before it informative motions (**Nos. 142, 145, and 146**) in the instant case. The Court **NOTES** these motions.

The Court also has before it the defendants' "Motion Requesting Order Regarding Documents" (**No. 144**), and the plaintiff's opposition thereto. The defendants essentially request that the Court excuse them from requirements this Court set in its Initial Scheduling Conference Order (**No. 105**). In the Initial Scheduling Conference Order the Court listed documents each of the parties had identified as documents they will move to admit at the remand hearing in this case. The order provided that if a party wishes to admit a document that was not listed, then it must serve the document on the other parties, and notify the Court of its intent to use the document and of other information on or before September 20, 2005. The defendants failed to meet that deadline to identify documents and now request that the Court nonetheless allow them to admit documentary evidence not listed in the Initial Scheduling Conference Order.

CIVIL NO. 02-1643 (JP)          -2-

Under normal circumstances the undersigned would not entertain a such motion to excuse compliance with its Initial Scheduling Order. The Court is particularly frustrated that the defendants also failed to meet the Court's original deadline to identify additional witnesses. However, the First Circuit has required that the Court create a record on certain issues. In order to create a more complete record on those issues in compliance with the Mandate, the Court **GRANTS** the motion (**No. 144**) and **ORDERS** the parties to identify any documentary evidence, in addition to the documentary evidence listed in the Initial Scheduling Conference Order, and its relevance to the instant case **on or before January 20, 2006.** The Court **ORDERS** the parties to serve the additional documentary evidence on the other parties **on or before January 13, 2006.**

The parties are **ORDERED** to confer and agree on new deposition dates that would allow the plaintiff's counsel sufficient time to review the defendants' documents before the depositions, and to identify those dates to the Court by joint motion **on or before January 18, 2006.** If the parties fail to comply with this order the Court will determine the dates for the depositions.

In order to accommodate new deposition dates, the Court **VACATES** the hearing set for January 25, 2006. Once the new deposition dates are set the Court will reset the remand hearing.

Finally, the Court has before it Puerto Rican Cement's "Motion to Reconsider" (**No. 117**) and Puerto Rican Cement's "Motion Requesting

CIVIL NO. 02-1643 (JP)          -3-

Temporary Restraining Order be Vacated" (**No. 122**) and the plaintiff's opposition thereto.

On October 16, 2003, this Court entered a final judgment declaring Law 109, enacted on July 12, 1985, as amended, and Law 132, sections 9(a) and 9(b), enacted September 18, 2001, unconstitutional as applied to cement produced in foreign countries.  On that same date this Court entered a permanent injunction barring enforcement of the statutes as applied to cement produced in foreign countries.  On May 25, 2005, the United States Court of Appeals for the First Circuit vacated this Court's declaratory judgment, but declined to vacate the injunction.  By an Opinion and Order dated August 31, 2005, this Court set a remand hearing and stated, "The Court therefore **ENJOINS** enforcement of the statute in the nature of a Temporary Restraining Order, until such time as the injunction hearing is held on **November 3, 2005,** to fully decide the preliminary injunction issue, pendente lite" (No. 111 at 13).  Puerto Rican Cement argues that a Temporary Restraining Order cannot be entered for an indefinite period of time and requests that the injunction be lifted.

The Court **AMENDS** its Opinion and Order of August 31, 2005, and strikes the above quoted language.  This amendment has no practical effect, because the permanent injunction this Court entered on October 16, 2003, (No. 48) is still in effect, but renders moot

CIVIL NO. 02-1643 (JP)          -4-

Puerto Rican Cement's motions.  The Court, therefore, **DENIES** the motions (**Nos. 117, 122**) **AS MOOT**.

The Court corrects its Order of August 31, 2005, and its Initial Scheduling Conference Order (No. 105) with respect to the nature of the upcoming remand hearing.  The Court stated in its August 31, 2005 Order that the upcoming hearing is a preliminary injunction hearing, when in fact it is a remand hearing from an appeal of a permanent injunction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of January, 2006.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE
